IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-05-231-03 |
| | § | |
| MONKEITH TATUM | § | (Civil Action No. H-06-2649) |
| | § | |

# **MEMORANDUM AND ORDER**

The defendant, Monkeith Tatum, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Crim. Doc. # 146). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that the motion must be denied for reasons set forth below.

**I.     BACKGROUND**

A federal grand jury in this district returned a multi-count indictment against Tatum and two co-defendants, stemming from the armed robbery of a local grocery store. Tatum pled guilty pursuant to a written plea agreement on August 24, 2005, to one count of aiding and abetting interference with commerce by threats or violence (Count Two) and one count alleging that he used or carried a firearm during and in relation to a crime of violence (Count Three). Based on the presentence report (the "PSR") prepared by the Probation Office, the Court sentenced Tatum to serve a total of 125 months of imprisonment, followed by a 3-year term of supervised release. Tatum did not file an appeal.

Tatum now seeks relief from his conviction and sentence under 28 U.S.C. § 2255. In three separate grounds, Tatum complains that his guilty plea was not voluntarily made, that his conviction was obtained with a coerced confession, and that he was denied effective assistance of counsel at his guilty plea proceeding because his attorney failed to object to counts Two and Three of the indictment. For reasons discussed more fully below, Tatum is not entitled to relief.

## II.   DISCUSSION

The motion must be denied because, pursuant to the written plea agreement in this case, Tatum waived the right to appeal or to otherwise challenge his conviction and sentence collaterally under 28 U.S.C. § 2255. (Crim. Doc. # 46). It is well settled that an informed and voluntary waiver of post-conviction relief under 28 U.S.C. § 2255 "is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Tatum alleges that his guilty plea was not voluntarily made because he did not know or understand the charges to which he pled guilty. The record squarely refutes Tatum's conclusory allegation.[1]

The charges against Tatum were detailed at the plea hearing and in the written plea agreement. In that regard, the written plea agreement between Tatum and the government shows that he agreed to plead guilty to the following charges:

---

[1] Tatum's § 2255 motion provides no facts in support of his claims. It is true that *pro se* petitions for collateral review are entitled to a liberal construction. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

> The defendant agrees to plead guilty to Counts Two and Three of the Indictment. Count Two charges the defendant with Interference with Commerce by Threats or Violence, in violation of Title 18, United States Code, Section 1951. Count Three charges the defendant with using or Carrying a Firearm During and in Relation to a Crime of Violence in violation of Title 18, United States Code, Section 924(c). . . . .

(Crim. Doc. #46, ¶ 1). The plea agreement indicated that the statutory maximum penalty for Count Two was not more than twenty years of imprisonment and that the statutory maximum penalty for Count Three was not more than life in prison. (*See id*. at ¶ 4). Tatum acknowledged that the sentence would be determined by the Court pursuant to the applicable sentencing guidelines. (*See id*. at ¶ 9). The plea agreement, which includes a waiver of appeal and a waiver of "collateral attack" under 28 U.S.C. § 2255, is signed by Tatum, as well as his counsel and the prosecutor.

In a separate Addendum to the written plea agreement, Tatum's counsel averred that he "carefully reviewed every part of this plea agreement with [Tatum]," and that he further "fully and carefully explained to [Tatum] the provisions of those [Sentencing] Guidelines which may apply in this case. (*See id*. at Addendum). Tatum also signed the Addendum to the plea agreement, signifying that he had consulted with his attorney and understood his rights. (*See id*.). In particular, Tatum stated that he had "read and carefully reviewed every part of this plea agreement with my attorney. I understand this agreement and I voluntarily agree to its terms." (*See id*.).

In addition to these written attestations of voluntariness, the charges against Tatum were explained at length during the guilty plea hearing, as was the maximum potential sentence. (Crim. Doc. #53, *Rearraignment Transcript*). The factual basis underlying the

offense was discussed in detail and the transcript confirms that the Court allowed a recess so that Tatum could confer with his counsel. (*See id*. at 45). After the recess, Tatum agreed with the factual basis recited by the government in support of the plea. (*See id*. at 66). Tatum also acknowledged during this hearing that he had carefully read the plea agreement, that he had discussed it with his counsel, and that he agreed to its terms, including the waiver of appeal and the waiver of collateral review. (*See id*. at 70, 72, 75-76, 77-78).

Tatum's sworn statements in open court are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F .3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). In particular, a defendant's statements at the plea colloquy are entitled to "great weight" in this circuit. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Tatum's sworn statements at the rearraignment confirm that he understood the charges against him and that he understood the rights he was giving up pursuant to the plea agreement, including the waiver of the right to seek collateral review under 28 U.S.C. § 2255. *See Wilkes*, 20 F.3d at 653. Other than his own unsupported allegation that he did not know or understand the charges against him, Tatum presents nothing to rebut the assertions of voluntariness made by him in open court. The Court finds, therefore, that the guilty plea was knowingly and voluntarily made.

The Court notes that Tatum includes a claim for ineffective assistance of counsel in connection with his guilty plea proceeding. The Fifth Circuit has held that a waiver of appeal may not be enforced against a § 2255 movant who claims that ineffective assistance of counsel rendered the waiver unknowing and involuntary. *United States v. Henderson*, 72

4

F.3d 463, 465 (5th Cir. 1995). Unless the alleged ineffective assistance "directly affected" the validity of the waiver or the plea itself, however, the claim for ineffective assistance of counsel is waived. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). As noted above, the record reflects that Tatum's guilty plea was fully informed and voluntarily made. Tatum's ineffective-assistance claim does not directly implicate the validity of his guilty plea or his decision to waive collateral review. Because Tatum does not allege or show that his counsel's performance affected his decision to plead guilty, his ineffective-assistance claim is waived.[2]

Tatum does not demonstrate that the sentence imposed exceeded the statutory maximum. *See United States v. Hollins*, 97 F. App'x, 2004 WL 963250, at *2 (5th Cir. No. 02-21040, May 4, 2004) (recognizing an exception to the enforcement of a § 2255 waiver where the sentence facially exceeds the statutory limit). Tatum does not otherwise allege any facts that cast doubt on the validity of the waiver of collateral review found in the written plea agreement. The Court concludes, therefore, that all of Tatum's claims are foreclosed by the written plea agreement.

## III.   CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended

---

[2]   Even if not waived, Tatum fails to make a valid ineffective-assistance claim in this context because he does not allege that he suffered any prejudice as the result of his counsel's performance. In that respect, Tatum does not allege that, but for his counsel's advice, he would have pled not guilty and would have insisted on a trial. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

5

at 28 U.S.C. § 2253. Thus, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After carefully considering the entire record of this criminal proceeding, the Court concludes that jurists of reason would not debate whether the movant has stated a valid claim or whether any procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The defendant's § 2255 motion (Crim. Doc. # 146) is **DENIED** and the corresponding civil action (H-06-2649) is **DISMISSED** with prejudice.

2. A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this order to the parties and will file a copy in Civil Action No. H-06-2649.

SIGNED at Houston, Texas, on **August 23, 2006.**

_____
Nancy F. Atlas
United States District Judge